## TEXAS EMPLOYERS' INS. ASS'N v. CHRISTIAN.

### No. 15248.

Court of Civil Appeals of Texas.
Fort Worth.

May 11, 1951.

Rehearing Denied June 8, 1951.

Nelson, Montgomery & Robertson, Wichita Falls, for appellant.

Wallace Masters and Allen, Locke & Kouri, Wichita Falls, for appellee.

HALL, Justice.

This is a workmen's compensation case. Appellee Eli Christian sued appellant Texas Employers' Insurance Association in a district court of Wichita County, Texas, alleging that he was totally and permanently disabled from injuries received while in the employment of Wichita Falls Compress Company.

Fact issues were submitted to a jury, and in accordance with its answers thereto the trial court entered judgment awarding recovery to appellee of compensation for total and permanent disability.

Appellant's appeal consists of six points. Points of error one, two, three and six complain of the trial court's action (1) in accepting the jury's answer to special issue No. 18 because such answer disclosed that the jury wholly disregarded the undisputed evidence to the effect that appellee sustained a subsequent injury; (2) that the jury arbitrarily rejected the undisputed evidence while answering special issue No. 18; (3) that there was no evidence of probative force to substantiate the fact that appellee did not have a second injury; and (6) that all the answers to the special issues submitted were against the greater weight of probative evidence and showed the jury possessed a preconceived agreement to compensate appellee.

Special issue No. 18 and the jury's answer thereto are as follows: "Do you find from a preponderance of the evidence that in the month of February, 1950, Plaintiff received an accidental injury while working for the Wichita Falls Compress Company? Answer: No."

The date set out in said issue relates to a subsequent injury supposedly to have been received by appellee while continuing as an employee of the assured, said Compress Company.

■ Appellee's testimony is substantially as follows: That about 8 o'clock on the morning of January 11, 1950, his foreman, Mr. Rucker, called him and other workers to open a box car door which was almost closed; there were about three men on the ground; Mr. Rucker told him to step over into the door and help open it, which he did, and when he put his weight against the door contemporaneously with the other men the box car door suddenly opened and he fell about ten feet there from on his right shoulder and back, hitting the left side of his head on a hard surface or concrete; that he was unconscious for some time, he could not get up, and was transferred from there to the Clinic Hospital in Wichita Falls, where he regained consciousness about three hours later. There was a large abrasion or knot upon his head. That night he went to his home in Waurika, he was suffering much pain from his back, head and shoulder; the hearing in his left ear has been impaired That he later tried to do some work but was forced to stop; that each time he tried to go back to work he was unable to do so because every time he started to apply his left shoulder to strain he would re-injure the same. The Company was giving him light work to do, he was hardly doing anything. That the doctor finally pulled him off the job and he went to bed. That since he left the Company's employ he has tried several light jobs but unable to retain them. He testified on the trial he was not feeling any better and complained of his back.

There was testimony by several witnesses to the effect that appellee prior to this injury was an extra strong and apparently healthy man; they testified of the marked distinction between his actions before and after the injury.

His medical testimony is also sufficient to establish a fact issue as to whether he is permanently and totally injured.

■ Appellee's testimony relating to appellant's contention that he received a subsequent injury in February of the same year he received his alleged injury is to the effect that every time he tried to do some additional work with his left shoulder he would re-injure the same. We do not consider as a matter of law that such testimony created a new and distinct injury. Such fact issue was resolved by the jury against appellant in its answer to special issue No. 18.

■ Viewing all of the testimony in its most favorable light to the judgment of the trial court, we overrule appellant's points challenging such factual questions.

■ Appellant's points four and five challenge correctness of the trial court's judgment because issues 19 and 20 were conditionally submitted, thereby depriving appellant of its right to have such issues

answered by the jury. Said issues 19 and 20 were submitted as follows:

"Special Issue No. 19: If you have answered the above Special Issue No. 18, 'Yes' then answer, otherwise, you need not answer this issue: Do you find from a preponderance of the evidence that the injury, if any, sustained by the plaintiff in February 1950, while working for the Wichita Falls Compress Company, is now causing the Plaintiff some disability?"

"Special Issue No. 20: If you have answered the above Special Issue No. 19 'Yes' then answer, otherwise, you need not answer this issue: Do you find from a preponderance of the evidence that the injury, if any, to Plaintiff in February, 1950, is the sole cause of his present incapacity, if any?"

We do not find in the record where appellant objected to the way and manner these issues were submitted, neither do we find such submission erroneous.

Finding sufficient evidence to support the trial court's judgment, the same is affirmed.